# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:16CR00001-013 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MELISSA MENDORA HARLESS,** | ) | Judge James P. Jones |
| | ) | |
| | ) | |
| Defendant. | ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Andrea Lantz Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*[1]

The defendant, Melissa Mendora Harless, has filed a motion seeking a reduction in her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). She contends that if she were sentenced today, she would receive a shorter period of imprisonment than she is currently serving because she would no longer qualify as a career offender. She further argues that the need to care for her mother constitutes an extraordinary and compelling reason for sentence reduction. For the reasons that follow, I will deny the motion.

---

[1] I also acknowledge the fine assistance to the defendant by law student Marissa Coleman and the Federal Sentence Reduction Clinic at the University of Virginia School of Law.

I.

On August 16, 2016, Harless was sentenced upon her conviction for conspiring to possess and distribute methamphetamine in violation of 21 U.S.C. § 846. The sentencing guidelines in effect at the time of her sentencing imposed a base offense level of 30 for this offense. Harless qualified for the guidelines career offender enhancement based on her instant offense — then assumed to be a controlled substance offense — and certain prior convictions, increasing her offense level to 32. Her total offense level was reduced to 29, after she received credit for acceptance of responsibility. She had a criminal history category of VI, stemming from several previous criminal convictions dating back to 2000. Accordingly, the applicable guidelines range at the time of sentencing was 151 to 188 months. This court imposed a sentence of 151 months.

In November 2021, the Bureau of Prisons permitted Harless to serve the remainder of her sentence on home confinement at the home of her mother pursuant to the CARES Act, Pub. L. 116-136, § 12003(b), 134 Stat. 281, 516 (2020). Her projected release date is September 4, 2026.

On February 8, 2022, Harless filed a pro se motion for compassionate release, requesting sentence reduction so that she can better take care of her 84-year-old mother. She also expressed remorse for her crime and explained how she has bettered herself during her incarceration. This court appointed the Federal Public

Defender to represent her, and on May 6, 2022, after exhausting the defendant's administrative remedies, defense counsel filed a supplemental motion, contending that Harless would no longer qualify as a career offender if she were sentenced today, creating a sentence disparity and amounting to an extraordinary and compelling reason for sentence reduction. Counsel also reiterates that Harless cannot properly take care of her mother, who suffers from a number of ailments including dementia and blindness, and asserts that Harless does not pose a danger to the public and that Harless' history, characteristics, and rehabilitation support sentence reduction.

On July 27, 2022, the government filed its response in opposition, arguing that a compassionate release motion is an improper mechanism for challenging a non-retroactive change in sentencing law, that such a change does not constitute an extraordinary and compelling circumstance, and that the sentencing disparity in this case does not amount to an extraordinary and compelling reason for a sentence reduction. The government also asserts that Harless has failed to satisfy her burden showing that her family circumstances support release and contends that the 18 U.S.C. § 1335 factors weigh against reduction.

Harless has not filed a reply. The motion is ripe for decision.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction

"is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has held that a district court may consider any extraordinary and compelling reason raised by the defendant, including a significant disparity created by changes in sentencing law. *United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020). Although the government argues that *McCoy* was wrongly deciding, it is controlling precedent that I am bound to follow.

Conspiracy convictions under 21 U.S.C. § 846 are no longer considered controlled substance offenses under the sentencing guidelines. *United States v. Norman*, 935 F.3d 232, 238–39 (4th Cir. 2019). If Harless were sentenced today for her § 846 conviction, she would not qualify as a career offender because her instant offense would not be a controlled substance offense as is required by the guidelines career offender enhancement. *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021) (citing USSG § 4B1.1); *United States v. Fennell*, 570 F. Supp. 3d 357, 363 (W.D. Va. 2021) (discussing *Norman* in the context of an instant offense and the career offender enhancement). Consequently, if Harless were sentenced today, she would have an offense level of 27, not 29, and a guidelines custody range of 130 to 162 months. Thus, there is a 21-month discrepancy between the low end of Harless' original guidelines range and her actual sentence at that low end, 151

months, and the low end of the range that would be applicable if she were sentenced today, 130 months.

This potential 21-month disparity is not as severe as the disparity present in other cases. *See, e.g.*, *United States v. Melton*, No. 7:08CR00017-001, 2022 WL 72479, at *2 (W.D. Va. Jan. 3, 2022) (finding extraordinary and compelling circumstances based on nine-year difference); *United States v. Jones*, No. 7:11CR00039-006, 2021 WL 3630459, at *3 (W.D. Va. Aug. 17, 2021) (finding extraordinary and compelling circumstances based on three-year difference). Nevertheless, I recognize that the disparity is over 13% of her 151-month sentence and amounts to almost two years of incarceration. *See United States v. Shaw*, No. 5:13-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (concluding that a 22-month disparity amounting to 10 percent of the defendant's current sentence constituted a significant disparity that "[met] the threshold discussed in *McCoy*").

Harless also maintains that the need to provide care for her 84-year-old mother constitutes an extraordinary and compelling circumstance that warrants reduction. She contends that home confinement is inadequate because she cannot transport her mother to the grocery store, to medical appointments, and cannot help her pay bills. While I appreciate the gravity of this circumstance, it is not beyond Harless' power to obtain other means of transportation for her mother. The supplemental motion indicates that she has siblings who would presumably be able to help transport her

mother, even if it is less convenient because they have full time jobs. Thus, I find that Ms. Harless' family situation does not constitute an extraordinary and compelling reason to warrant release.

Moreover, even if I were to find that the above-discussed facts constitute extraordinary and compelling circumstances, I must also reconsider the § 3553(a) factors in determining whether to grant the instant motion. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 383 (2021). I recognize that Harless has served over half of her sentence, that she has maintained a clean disciplinary record, and that she has bettered herself by furthering her education and completed job training programs and a drug treatment program. I commend the defendant for her commitment to rehabilitating herself while incarcerated.

I nevertheless conclude a reduction would not be sufficient to comply with the factors under § 3553(a). Harless' crime was serious. Conspiracies to distribute methamphetamine pose a serious threat to the public. Furthermore, Harless' extensive criminal history is troubling. She has numerous criminal convictions dating back to 1999, not all of which were accounted for in her criminal history category. Three of those prior offenses were drug related. Thus, I find that a reduction in her sentence would not provide adequate deterrence from future criminal conduct or protect the public. And even if Harless could no longer be sentenced as a career offender, her current sentence, which she is serving at home,

still falls within the new guidelines range of 130-161 months.  Accordingly, I find that Harless should not be afforded such extraordinary relief.

IV.

For the reasons stated, it is **ORDERED** that Harless' motions, ECF Nos. 617, 626, are DENIED.

ENTER:   October 17, 2022

/s/  JAMES P. JONES
Senior United States District Judge